UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
751 Broad Street
Newark, New Jersey 10102

        Plaintiff,               Case No. 15-CV-00011

v.

JEFFREY S. GOECKS
114 East Court Street
Janesville, Wisconsin 53545, and

DONNA GOECKS
10839 Hachita Drive
Port Richey, FL 34668,

        Defendants.

## [PROPOSED] ORDER FOR INTERPLEADER OF OF DEATH BENEFITS AND DISMISSAL OF PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Upon Joint Motion of Defendants Jeffrey Goecks and Donna Goecks (together, the "Adverse Claimants") and Plaintiff The Prudential Insurance Company of America ("Prudential"), requesting an Order pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure: (1) directing Prudential to distribute to the Clerk of this Court a check in the amount of $11,776.71, plus applicable claim interest, and a check in the amount $27,759.83, plus applicable claim interest (the "Death Benefits") in connection with Individual Life Insurance Policy number 36066690 and Individual Life Insurance Policy number 77467219 (the "Policies"), which were issued by Prudential to Gary L. Goecks (the "Insured"), representing death benefits payable as a result of the death of Insured; (2) discharging Prudential of all liability and dismissing with prejudice all claims against Prudential relating to the Policies and/or the Death Benefits following deposit of the Death

1

Benefits with the Clerk of the Court; and (3) dismissing Prudential from this action, with prejudice, and without costs to any party and the Court having considered the application of counsel, for good cause having been shown,

IT IS ORDERED as follows:

1. Within 21 days of the signing of this Order by the Court Prudential shall distribute to the Clerk of this Court a check in the amount of $11,776.71, plus applicable claim interest, and a check in the amount $27,759.83, plus applicable claim interest, representing the Death Benefits;

2. That the Clerk of this Court shall deposit the Death Benefits distributed by Prudential into an interest-bearing account and maintain the same pending further orders of the Court;

3. That upon deposit of the Death Benefits, Prudential shall be discharged from any and all liability to the Adverse Claimants relating to the Policies and/or the Death Benefits, and the Adverse Claimants shall be permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that Adverse Claimants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential with respect to the Policies and/or the Death Benefits; and

4. That Prudential shall also be dismissed from the above-captioned action with prejudice, and that any and all claims against Prudential relating to the Policies and/or the Death Benefits shall be dismissed with prejudice and without costs to any party.

This ORDER shall be ~~deemed~~ a final judgment in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

[Handwritten interlineations: "Upon deposit of the Death Benefits," "also reduced to" "favor of Prudential in"]

ORDERED this 20th day of May 2015.

_____
UNITED STATES DISTRICT JUDGE
William M. Conley